

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2004

# Koe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4138

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Koe v. Atty Gen USA" (2004). *2004 Decisions.* Paper 44.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/44

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4138
_____

KOK FIE KOE,
                                    *Petitioner*

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES

_____

On Petition for Review of An Order of the
Board of Immigration Appeals
(Board No. A79-299-420)

_____

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2004
Before: NYGAARD, ROSENN and BECKER, *Circuit Judges*

(Filed December 22, 2004)

_____

OPINION
_____

BECKER, *Circuit Judge.*

Kok Fie Koe petitions for review of an order of the Board of Immigration Appeals

(BIA), which denied his application for asylum, withholding of removal, and protection

under the Convention Against Torture Act (CAT). Koe, who is ethnically Chinese, submits that he had been forced to endure persecution and humiliation during his life in Indonesia from native Indonesians in the nature of extortion of money, repeated threats, and a beating on the face (although he could not give a date for the beating incident). He says that these events had progressed to such a point that he no longer felt safe in Indonesia. He further submits that the finding of the Immigration Judge (IJ) that his testimony was not credible, affirmed by the BIA, is not supported by substantial evidence on the record as a whole.

Koe's brief, however, contains nothing more than an assertion that the IJ's opinion, summarily affirmed by the BIA, was conclusory, and that discretion should have been exercised in his favor. His brief neglects to reference the recorded facts that he admitted that he came to the United States in order to find work and start a new life, and that his wife and family not only remain in Indonesia, but his wife sends him $1,000 every two months. Obviously, Koe's second stated issue: "Whether Petitioner is deserving of a favorable exercise of discretion due to the fact that he has been a person of good moral character" is beyond our purview here. *See INS v. Ventura*, 537 U.S. 12 (2002). His other challenge: "Whether the Immigration Judge's finding that Petitioner's testimony was not credible is not supported by substantial evidence on the record as a whole" must also be rejected.

First, the IJ, as an alternative to his adverse credibility finding, assumed that Koe

2

was credible but concluded that the evidence submitted in support of his claim was insufficient to meet Koe's burden of proof. This is plainly correct. Koe's meager allegations do not come close to the rigorous standard for the grant of asylum. *See INS v. Elias- Zacarias*, 502 U.S. 478 (1992); *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003); *Fatin v. INS,* 12 F.3d 1233, 1240 (1993) ("'persecution' denotes extreme conduct"). Secondly, the IJ found that Koe's out-of-time asylum application did not qualify for an exception to the time-bar for extraordinary circumstances. We agree.

The petition for review will be denied.